637 N.W.2d 503 (2002)
Lynette BURNS, Plaintiff-Appellant and Cross-Appellee,
v.
CITY OF DETROIT, a Municipal Corporation; Dereck Hicks, Individually and in his Official Capacity; Terrence Hill, Individually and in his Official Capacity; and Darryl Hopson, Individually and in his Official Capacity, Jointly and Severally, Defendants-Appellees and Cross-Appellants.
Docket No. 118381, COA No. 213029.
Supreme Court of Michigan.
January 11, 2002.
On order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellants from the October 31, 2000, decision of the Court of Appeals, 2000 WL 33403017 are considered and, in lieu of granting leave to appeal, they are REMANDED to the Court of Appeals for consideration of the question whether the remarks that supported the "hostile environment" sexual harassment claims cannot form the basis for liability because they are protected speech under U.S. Const., Am. I, and Const. 1963, art. 1, § 5, and because basing a finding of liability on such remarks would raise vagueness and overbreadth concerns under the same constitutional provisions.
The Court of Appeals shall direct the parties to file supplemental briefs addressing the above question. Persons or groups interested in the determination of this question may move the Court of Appeals for permission to file briefs amici curiae.
The Court of Appeals shall issue an amplified opinion resolving this matter on remand and shall file a copy of its amplified opinion with the clerk of this Court. After receipt of this opinion, this Court will set a further briefing schedule for the parties.
We retain jurisdiction.
WEAVER, J., dissents and states as follows:
I dissent from the order remanding this case to the Court of Appeals for consideration of the constitutionality of a portion of Michigan's Civil Rights Act. M.C.L. § 37.2101 et seq. is the Civil Rights Act. The Civil Rights Act provides that an employer shall not "discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment, because of ... sex...." M.C.L. § 37.2202(1)(a). See also M.C.L. § 37.2202(1)(c). Discrimination because of sex is specifically defined as including sexual harassment which "means unwelcome sexual advances, requests for sexual favors, and other verbal or physical [or sexual] conduct...." M.C.L. § 37.2103(i).
I would deny leave.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., join in the statement of WEAVER, J.