637 N.W.2d 503 (2002)
In re Honorable Thomas J. SHANNON, Magistrate, Thirty Sixth District Court, Detroit, Michigan.
No. 120469.
Supreme Court of Michigan.
January 15, 2002.
The Judicial Tenure Commission has issued a Decision and Recommendation for *504 Order of Discipline of The Honorable Thomas J. Shannon. The Commission recommends (a) a public censure, (b) a thirty-day suspension without pay, and (c) credit for twenty days already served under a suspension previously imposed by the Thirty Sixth District Court. The Honorable Thomas J. Shannon has consented to the Commission's findings of facts, conclusions of law, recommendation of public censure, and recommendation for a thirty-day unpaid suspension with credit for twenty days already served under a suspension previously ordered by the Thirty Sixth District Court.
In resolving this matter, we are mindful of the standards set forth in In re Brown, 461 Mich. 1291, 1292-1293, 625 N.W.2d 744 (1999):
"[E]verything else being equal:
"(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
"(2) misconduct on the bench is usually more serious than the same misconduct off the bench;
"(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
"(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
"(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
"(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
"(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship."
In the present case, those standards are being applied in the context of the following findings and conclusions of the Judicial Tenure Commission, which we adopt as our own:
(1) Respondent is now, and was at all times mentioned, a Magistrate of the Thirty Sixth District Court in Detroit, Michigan.
(2) On September 14, 2000, Respondent was presiding over traffic citations.
(3) Respondent permitted Eighth Precinct Police Officer Charlene Welch to sit at a table next to the podium in the courtroom with a bag of tickets from the Detroit Fire and Police Field Day.
(4) Respondent dismissed the tickets of defendants pleading responsible or who were found responsible and advised them to purchase tickets from the police officer. Some defendants were asked how many children they planned to take and if the number was too low they were told they needed to take more children. Others were told to "dig deeper," call someone, or go to an ATM machine. In one case a defendant was asked how much money he had. When the defendant said he had $116 on him, Respondent told him to buy $100 worth of tickets. The average ticket purchase was approximately $50 per person.
(5) Respondent's conduct, whether well intentioned or not, gave the appearance *505 of using the powers of his position as magistrate to solicit money from defendants for a charitable cause.
(6) Respondent's conduct, as described in paragraphs (1) through (5) above, constitutes:
(a) Misconduct in office, as defined by Const 1963, art 6, § 30 and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by Const 1963, art 6, § 30 and MCR 9.205;
(c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to Canon 2A of the Michigan Code of Judicial Conduct;
(d) Conduct involving the appearance of impropriety, contrary to Canon 2A of the Michigan Code of Judicial Conduct;
(e) Using, or giving the appearance of using, the prestige of office to solicit funds for an educational, religious, charitable, fraternal, or civic organization, contrary to Canon 5B(2) of the Michigan Code of Judicial Conduct.
We have reviewed the recommendation of the Judicial Tenure Commission, the respondent's consent, the standards set forth in Brown, and the above findings and conclusions. On those bases, we ORDER that The Honorable Thomas J. Shannon be publicly censured, and that he be suspended without pay for thirty days, with credit given for twenty days already served under a suspension previously ordered by the Thirty Sixth District Court. This order stands as our public censure.